IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY HERRINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 116-201 |
| ) | |
| VANCE LAUGHLIN, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 4), Commissioner Homer Bryson be added as a Respondent, the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.     BACKGROUND**

On October 30, 2007, a grand jury sitting in Burke County, Georgia, indicted Petitioner and three co-defendants for malice murder, felony murder based on aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Herrington v. State, -S.E.2d-, No. S16A0745, 2016 WL 6833055 at *4 n.1 (Ga. Nov. 21, 2016). Two co-defendants pleaded guilty to reduced charges, one co-defendant was convicted of felony murder and other crimes, and at a trial

conducted from October 27 to 30, 2008, a jury convicted Petitioner of felony murder but acquitted him of malice murder and possession of a firearm by a convicted felon. Id. Petitioner was sentenced to life in prison. (Doc. no. 3, p. 1.)[1] The trial court denied Petitioner's twice-amended motion for new trial on August 14, 2015. Herrington, 2016 WL 6833055 at n.1

On direct appeal to the Supreme Court of Georgia, Petitioner contended "that the evidence presented at trial was insufficient to support his conviction, that the trial court gave an improper jury instruction on aggravated assault, that his motion for mistrial based on the prosecutor's questions during voir dire was improperly denied, and that his trial counsel provided ineffective assistance." Id. at *1. The Georgia Supreme Court rejected all of Petitioner's arguments and affirmed the judgment of the trial court on November 21, 2016. Id. at *4.

Petitioner did not seek state habeas corpus relief but moved directly to filing the instant federal habeas corpus petition, in which he again argues the trial court gave an improper jury instruction on aggravated assault, his motion for mistrial based on the prosecutor's questions during voir dire was improperly denied, and his trial counsel provided ineffective assistance. (Doc. no. 3, pp. 5-9.) Petitioner also adds a multi-part ineffective

---

[1] The original petition submitted by Petitioner was not signed or dated. (See doc. no. 1.) The Court directed Petitioner to sign his petition, which he did on January 3, 2017. (Doc. no. 3, p. 14.) As the original petition and the one with a January 3, 2017 signature date are identical save the signature page, for ease of reference, the Court cites to the signed petition. Because the time during which a federal petition is pending is not tolled under the one-year statute of limitations for seeking federal habeas corpus relief, Duncan v. Walker, 533 U.S. 167, 181-82 (2001), the Court need not resolve any filing date discrepancy based on the initial lack of a signature or date of execution.

2

assistance of appellate counsel claim, which he explains is not exhausted because the challenge to counsel's performance on direct appeal could not have been raised prior to the resolution of his direct appeal to the Georgia Supreme Court. (Id. at 10.)

## II. DISCUSSION

### A. Commissioner Bryson Should Be Added as a Respondent.

Petitioner is currently incarcerated at Wheeler Correctional Facility ("WCF"), a "private prison" operated by a corporation pursuant to a contract with the Georgia Department of Corrections ("DOC"). Stephens v. Laughlin, CV 115-151, doc. no. 6 (S.D. Ga. Oct. 16, 2016) (explaining "private prison" relationship between WCF and DOC in habeas corpus case brought by inmate at WCF).[2] The Warden at that facility, Vance Laughlin, is currently the named Respondent in this case, but he is an employee of the corporation running the prison, not a state employee. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner; however, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "the petition must name as respondent the state officer who has custody." Furthermore, the Advisory Committee Notes to the cited provision explain that the proper person to be named is either the person having custody over the applicant or the chief officer in charge of the state's penal institutions.

Here, although Warden Laughlin is responsible for running the "private prison" in which Petitioner is incarcerated, he is not a "state officer." The Commissioner of the

---

[2] "A court may take judicial notice of its own records and the records of inferior courts." United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

Department of Corrections is the officer in charge of Georgia's penal institutions. See O.C.G.A. § 42-2-6. Accordingly, Commissioner Homer Bryson should be added as a Respondent in this case.

### B. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state

4

court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277. As explained in detail below, Petitioner has not established good cause for failing to exhaust all of his claims presented, and the stay and abeyance procedure should not be applied.

### C. Petitioner Failed to Exhaust State Remedies.

Here, Petitioner concedes his ineffective assistance of appellate counsel claims are new

5

because they are based on counsel's performance in the direct appeal proceedings, the last proceedings undertaken by Petitioner in the state courts. (Doc. no. 3, p. 10.) Importantly, Petitioner did not file a state habeas corpus petition, in which he could raise such ineffective assistance of appellate counsel claims, prior to filing his petition in federal court.

"[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Mize v. Hall, 532 F.3d 1184, 1191 n.5 (11th Cir. 2008). However, an unexhausted claim is not procedurally defaulted unless the existence of a state procedural bar makes it evident that any future attempts at exhaustion would be futile. Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013). Here, the state habeas courts are available to hear Petitioner's ineffective assistance of appellate counsel claims. See, e.g., Tompkins v. Hall, 728 S.E.2d 621, 623 (Ga. 2012) (discussing ineffective assistance of appellate counsel claims in context of state habeas petition); Brown v. Baskin, 690 S.E.2d 822, 823-25 (Ga. 2010) (affirming state habeas corpus relief based on claim of ineffective assistance of appellate counsel). Nothing in the record suggests Petitioner would be prevented from pursuing relief on his ineffective assistance of appellate counsel claims in the state habeas courts, and such exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

### D. Application of the Stay and Abeyance Procedure Is Not Appropriate.

As explained above, Petitioner concedes he has not exhausted his ineffective assistance of appellate counsel claims, and Petitioner has not demonstrated that application of the stay

and abeyance procedure is appropriate. See Rhines, 544 U.S. at 275-79. The requirements of Rhines may be summarized as follows: "A district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-78); Isaac v. Augusta SMP Warden, 470 F. App'x 816, 819 (11th Cir. 2012) (recognizing three requirements from Rhines as appropriate for consideration of applicability of stay and abeyance procedure). However, the stay and abeyance procedure should only be used in limited circumstances because it has the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. If the district court determines a stay and abeyance is not appropriate, it should "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief*." Id. at 278 (emphasis added).

Petitioner has not demonstrated good cause under the first prong of Rhines for failing to exhaust his claims in state court. As explained above, the state habeas courts are clearly an available forum for Petitioner to pursue his ineffective assistance of appellate counsel claims. See Tompkins, 728 S.E.2d at 623; Brown, 690 S.E.2d at 823-25. Petitioner offers no

7

explanation in his petition for why he did not raise these claims in a state habeas petition. As Petitioner has not shown good cause for failing to raise his unexhausted claims in state court, he cannot satisfy the three prongs set forth in Rhines, making application of the stay and abeyance procedure inappropriate in this case.[3] Moreover, dismissing the mixed petition will not "unreasonably impair" Petitioner's right to obtain federal relief, as his direct appellate proceedings in the Georgia Supreme Court just concluded on November 21, 2016, meaning he is not in immediate danger of running afoul of AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d).

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). Nor has Petitioner argued, let alone shown, that dismissal of his entire petition would unreasonably impair his right to obtain federal relief such that deleting unexhausted claims and proceeding with the exhausted claims is necessary to protect his right to obtain federal relief. See Rhines, 544 U.S. at 278. Accordingly, because Petitioner has not exhausted all of the claims raised in this federal petition and may still raise claims in a properly filed state habeas corpus petition that may provide the relief sought or cause to excuse any otherwise procedurally defaulted claims, this action should be dismissed without prejudice for failure to exhaust. Reedman, 305 F. App'x at 546.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

---

[3]Because Petitioner cannot meet the "good cause prong" of Rhines, the Court does not reach the "potentially meritorious" or "dilatory litigation tactics" prongs.

Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 4), Commissioner Homer Bryson be added as a Respondent, the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA