IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY HERRINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-201 |
| | ) | |
| VANCE LAUGHLIN, Warden, and | ) | |
| HOMER BRYSON, Commissioner, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 7). Petitioner provides no information to change the Magistrate Judge's analysis that the petition, filed pursuant to 28 U.S.C. § 2254, is due to be dismissed because Petitioner has not exhausted all of his claims in state court. Only two objections warrant further comment.

First, rather than dispute the state habeas courts are available to him to raise his ineffective assistance of appellate counsel claims, Petitioner suggests the state courts will not rule fairly on his petition. As a matter of comity, the state courts generally must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for

habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Although the record shows it took approximately seven years to rule on Petitioner's motion for new trial, as Petitioner has not even filed a state habeas petition, there is no indication of any such delay in state habeas proceedings. Moreover, Petitioner has simply decided for himself, without ever giving the state habeas court a chance to rule, let alone providing substantiated evidentiary proof, that his rights will not be analyzed in accordance with the law. Such conclusory assertions cannot excuse exhaustion.

Second, Petitioner's concern that his federal statute of limitations will expire while he pursues state habeas relief is unfounded. Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). The Supreme Court of Georgia affirmed the trial court's ruling on the motion for new trial on November 21, 2016. Herrington v. State, 794 S.E.2d 145, 150 (Ga. 2016). Thus, Petitioner's one-year statute of limitations for seeking federal habeas corpus relief has not yet expired, and Petitioner still has the opportunity to avail himself of the tolling provision in § 2244(d)(2) by properly filing an application for state habeas corpus relief in the state courts.

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the motion to proceed *in forma pauperis* is **DENIED AS MOOT**, (doc. no. 4), Commissioner Homer Bryson is added as a Respondent, and this petition filed pursuant to § 2254 is **DISMISSED** without prejudice for failure to exhaust.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.

Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 2nd day of February, 2017, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

4